UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CYNTHIA S. JONES,<br>    Plaintiff,<br><br>v.<br><br>PROVIDENCE PUBLIC SCHOOLS,<br>    Defendant. | C.A. No. 22-456-JJM-LDA |

## ORDER

Pending before the Court is the Defendant's Motion to Dismiss. ECF No. 53. The Plaintiff Cynthia Jones filed her objection (ECF Nos. 54, 57) and the Defendant replied. ECF No. 56. The Court noticed the motion for hearing today (see Text Order dated 3/20/2025), but the pro se Plaintiff was not present in the courtroom (the Court waited 30 minutes before adjourning). Based on the fully briefed motion, the Court was prepared to issue a bench decision, which is set forth below and incorporated into this Order GRANTING the Defendant's Motion to Dismiss.

Ms. Jone brings five claims against the Providence School Department. Three based on the ADA, one on FLMA, and one under HIPPA.

**ADA 1:** Ms. Jones' first claim alleges that the Providence Public School Department violated the Americans with Disabilities Act when they made disparaging statements about her. During a board hearing in 2019, an attorney for the School Department allegedly stated that Ms. Jones was "mental," and "a danger

to kids." The Providence Schools assert that this claim is barred under the doctrine of *res judicata*.

*Res judicata*, or claim preclusion, prohibits the re-litigation of issues that have been decided. The doctrine requires that the parties in the two suits are sufficiently identical or closely related, the causes of action asserted in the suits are sufficiently identical or closely related, and the earlier suit resulted in a final judgment on the merits.

Ms. Jones filed an action in July 2022 action against the Providence School Department in the Rhode Island Superior Court. The Defendants in that case are sufficiently identical to the Defendants here. The cause of action in the July 2022 suit "centered on claims of employment discrimination, including alleged disability-based discrimination," which is sufficiently identical to this claim that School Department disparaged her based on an alleged disability. And finally, the July 2022 suit resulted in a final judgment on the merits. So, Ms. Jones' first ADA claim is dismissed because *res judicata* precludes this claim.

Ms. Jones' next two ADA claims involve events that happened after she filed the July 2022 suit. So, Ms. Jones' remaining two ADA claims are not precluded by *res judicata* and will be evaluated on the merits.

**ADA 2:** Ms. Jones alleges that the School Department violated the ADA by requiring her to attend a "fitness for duty" evaluation by the school's psychiatrist. After she returned from leave because of that finding, she suffered a workplace injury. The physician that evaluated her after the workplace injury expressed concerns about

her mental health, noting erratic and abnormal behaviors. The school ordered a psychological evaluation based on the physician's concerns; Ms. Jones refused so the School Department placed her on administrative leave.

**ADA 3:** Ms. Jones' third ADA claim involves the administrative leave she was placed on in 2022 after she refused a psychiatric evaluation. The School Department held a hearing on the matter and voted to place her on administrative leave.

Before suing her employer, Ms. Jones must file a charge with the Equal Employment Opportunity Commission within three hundred days of the alleged discriminatory act. If the EEOC finds evidence of a violation and cannot resolve the dispute through its own means, it issues a right-to-sue letter to the employee. Only then can the employee bring an ADA suit against their employer. Here, Ms. Jones did not timely file an EEOC charge until after she filed this lawsuit, but the law requires the EEOC action to come before filing suit. Thus, Ms. Jones did not properly exhaust administrative remedies.

Even if Ms. Jones had timely filed her EEOC claim, and even if she is considered disabled under the ADA, the School Department reserved the right to order an evaluation. Under 29 CFR § 1630.14, the school may require a medical examination of an employee who is job-related and consistent with business necessity. It may make inquiries into the ability of an employee to perform job-related functions. Here, the school was following the initial physician's concerns for her mental health. Because Ms. Jones did not exhaust administrative remedies, it is unclear what her perceived disability is under the statute, and the school has shown

3

that this request was made for the purpose of inquiry into her ability to perform job-related functions, the second ADA claim is also dismissed.

The ADA claims are dismissed

**FMLA**: Ms. Jones also alleges that the School Department violated the Family and Medical Leave Act when she was forced to take a leave in 2020. This claim is barred by the doctrine of *res judicata* because Ms. Jones had the chance to raise this claim in her July 2022 state Superior Court action. The parties, again, are sufficiently identical, the earlier suit resulted in a final judgment on the merits, and this forced leave is related to the alleged disability-based discrimination (discussed in the July 2022 suit) that led to the forced leave here. While the claim in the previous suit is not identical, *res judicata* aims to prevent the re-litigation of claims that were or *could* have been raised in the prior suit. Ms. Jones' FMLA claim is thus dismissed.

**Finally, HIPAA**: Ms. Jones' amended complaint also alleges that the School Department's actions violated the Health Insurance Portability and Accountability Act, but courts have consistently held that there is no private cause of action available under HIPAA.

Thus, the Court GRANTS the Defendant's Motion to Dismiss. ECF No. 53. Judgment will enter for the Defendant.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

April 29, 2025